CAROLYN HUNT COTTRELL (SBN: 166977)
DAVID C. LEIMBACH (SBN: 265409)
SCOTT L. GORDON (SBN: 319872)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel:  (415) 421-7100
Fax: (415) 421-7105
Email: ccottrell@schneiderwallace.com
Email: dleimbach@schneiderwallace.com
Email: sgordon@schneiderwallace.com

*Attorneys for Plaintiff, Class, and Collective members*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL SCHMIDT, on behalf of himself and the Class and Collective members,<br><br>*Plaintiff,*<br><br>vs.<br><br>VISION SERVICE PLAN, VSP GLOBAL, INC., MARCHON EYEWEAR, INC., VSP OPTICAL GROUP, INC., and EYEFINITY, INC.<br><br>*Defendants.* | Case No.:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT FOR:**<br><br>(1) Fair Labor Standards Act;<br>(2) Failure to Pay for All Hours Worked (Labor Code § 204);<br>(3) Failure to Pay Minimum Wage and Liquidated Damages (Labor Code §§ 1182.11, 1182.12, 1194, 1197, and 1197.1);<br>(4) Failure to Pay Overtime Wages (Labor Code § 510);<br>(5) Failure to Provide Compliant Meal and Rest Periods (Labor Code §§ 226, 226.3 and 226.7);<br>(6) Failure to Provide Timely and Accurate Itemized Wage Statements (Labor Code § 226);<br>(7) Waiting Time Penalties (Labor Code §§ 201-203);<br>(8) Unlawful Business Practices (Cal. Bus. & Prof. Code §§ 17200 *et seq.*).<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Michael Schmidt, on behalf of himself and all others similarly situated (collectively, "Plaintiffs"), complains and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this class and collective action on behalf of himself and other similarly situated individuals who have worked for Defendant Vision Service Plan, Defendant VSP Global, Inc., Defendant Marchon Eyewear, Inc., Defendant VSP Optical Group, Inc., and Defendant Eyefinity, Inc. (collectively "Defendants") as non-exempt, hourly employees, to challenge Defendants violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"); applicable California Labor Code provisions; applicable Industrial Welfare Commission ("IWC") Wage Orders; and the Unfair Business Practices Act, California Business and Professions Code §§ 17200, *et seq.* ("UCL").

2. Throughout the relevant time period, Plaintiff, Class, and Collective members have been denied proper payment for all hours worked, minimum wages, overtime wages, and compliant meal and rest periods. Furthermore, throughout the relevant time period, Defendants have failed to pay all wages owed after separation of employment to Plaintiff, and Class members, and have failed to provide Plaintiff and Class members timely and compliant wage statements, pursuant to California law.

3. Defendants maintain a longstanding policy and/or practice of failing to properly compensate non-exempt employees for work performed while "off-the-clock" and for missed meal and rest periods. These policies and practices deny Plaintiff, Class, and Collective members, payment for all hours worked, including overtime, and deny Plaintiff and Class members meal and rest periods that comply with California law.

4. Defendants violate California law by knowingly and willfully failing to authorize and/or permit Plaintiff and Class members to take all meal and rest breaks to which they are entitled by law.

5. Plaintiff challenges Defendants' policies and practices of: (1) failing to pay Plaintiff, Class, and Collective members for all hours worked; (2) failing to pay Plaintiff, Class, and Collective members all minimum wages owed; (3) failing to pay Plaintiff, Class, and Collective members overtime wages; (4) failing to authorize and permit Plaintiff and Class members to take meal and rest breaks to

1

which they are entitled by law; (5) failing to provide Plaintiff and Class members accurate, itemized wage statements; and (6) failing to timely pay Plaintiff and Class members full wages upon termination or resignation.

## SUBJECT MATTER JURISDICTION AND VENUE

6.     This Court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA, 29 U.S.C. § 201, et seq. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. Defendants employ numerous workers in this district, including Plaintiff, and a substantial part of the events giving rise to Plaintiff's claims occurred within this judicial district. Defendants are subject to personal jurisdiction here.

## PARTIES

8.     Plaintiff Michael Schmidt is an individual over the age of eighteen, and at all times relevant to this Complaint was a resident of the State of California, County of Placer.  Plaintiff was employed as a non-exempt Customer Service Representative for Defendants at a Vision Service Plan location in Rancho Cordova, California from approximately August 2015 to August 2019.

9.     The FLSA Collective members are people who are or who have been employed by Defendants as hourly non-exempt employees, including but not limited to customer service representatives, throughout the United States within the three years preceding the filing of this Complaint until the resolution of this action (the "Collective").

10.     The Class members are all people who are or who have been employed by Defendants as hourly non-exempt employees, including but not limited to customer service representatives throughout the State of California within the four years preceding the filing of this Complaint (the "Class members").

11.     Plaintiff is informed, believes, and thereon alleges that Defendant Vision Service Plan

("VSP") is a California corporation doing business in the State of California, with its principal place of business located in Rancho Cordova, California 95670. Defendant VSP may be served with process by serving its registered agent, Stuart L. Thompson, 3333 Quality Drive, Rancho Cordova, California 95670.

12.     Plaintiff is informed, believes, and thereon alleges that Defendant VSP Global, Inc. is a Delaware corporation doing business in the State of California, with its principal place of business located in Rancho Cordova, California 95670. Defendant VSP Global, Inc. may be served with process by serving its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

13.     Plaintiff is informed, believes, and thereon alleges that Defendant Marchon Eyewear, Inc. is a Delaware corporation doing business in the State of California, with its principal place of business located in Rancho Cordova, California 95670. Defendant Marchon Eyewear, Inc. may be served with process by serving its registered agent, National Registered Agents, Inc., 1209 Orange Street, Wilmington, Delaware 19801.

14.     Plaintiff is informed, believes, and thereon alleges that Defendant VSP Optical Group, Inc. is a California corporation doing business in the State of California, with its principal place of business located in Rancho Cordova, California 95670. Defendant VSP Optical Group, Inc. may be served with process by serving its registered agent, Stuart L. Thompson, 3333 Quality Drive, Rancho Cordova, California 95670.

15.     Plaintiff is informed, believes, and thereon alleges that Defendant Eyefinity, Inc. is a California corporation doing business in the State of California, with its principal place of business located in Rancho Cordova, California 95670. Defendant Eyefinity, Inc. may be served with process by serving its registered agent, Thomas Allen Fessler, 3333 Quality Drive, Rancho Cordova, California 95670.

16.     Plaintiff is informed, believes, and thereon alleges that Defendants own, operate, and/or manage a health insurance company, with locations throughout the United States, including California. Plaintiff is informed, believes, and thereon alleges that Defendants employ Class and Collective members, among other hourly employees, throughout California.

17.     Plaintiff is informed, believes, and alleges that at all times mentioned in this Complaint, each Defendant was the agent and employee of the other Defendant and in doing the things alleged in this Complaint were acting within the course and scope of such agency and employment. Plaintiff is further informed, believes, and alleges that each of the Defendants gave consent to, ratified, and authorized the acts alleged herein. Defendants are sued both in their own right and on the basis of respondent superior.

18.     Defendants acted as joint employers of Plaintiff because they jointly, directly, or indirectly, controlled the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff. Upon information and belief, Defendants each employed Class and Collective members jointly with the other the Defendant and/or with currently unknown entities, because Defendants jointly, directly or indirectly, controlled the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff and similarly situated employees.

19.     Plaintiff is informed and believes that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, Defendants, acting as joint employers of Plaintiff, Collective, and Class members. Plaintiff is informed, believes, and thereon alleges that Defendants jointly exercised control over Plaintiff, Class, and Collective members with respect to their employment with Defendants. Furthermore, Defendants acted through their agents and/or employees, and/or under the direction and control of each of the other, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

20.     Plaintiff is informed, believes, and thereon alleges that Defendants directly control the operations of their agents, managers, and employees throughout all of their locations in California.

21.     Plaintiff is informed, believes, and alleges that Defendants are either solely or jointly and severally liable for damages and penalties owed to Plaintiff and the Class and Collective members under common law and by statute, including attorneys' fees and costs.

22.     As employers of Plaintiff and Class members throughout the relevant time periods, Defendants, and each of them, are solely, jointly, and severally liable for penalties for violating the California Labor Code with respect to the employment of Plaintiff and Class members.

23.     At all material times, Defendants have been an enterprise within the meaning of the

1  FLSA under 29 U.S.C. § 203(r).

2      24.    At all material times, Defendants have been an enterprise in commerce or in the

3  production of goods for commerce within the meaning of section 203(s)(1) of the FLSA because

4  Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

5      25.    Defendants have had, and continue to have, an annual gross business volume of not less

6  than $500,000, thereby exceeding the statutory standard. 26 U.S.C. § 203(s)(1)(A)(ii).

7      26.    In addition to Plaintiff, Defendants have employed numerous other employees, who like

8  Plaintiff, are non-exempt hourly employees engaged in interstate commerce.

9      27.    Plaintiff and Collective members were and are employees of Defendants within the

10  meaning of 29 U.S.C. § 203(e).

11      28.    At all material times, Plaintiff and Collective members were employees who engaged in

12  commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

13      29.    At all relevant times, Defendants have regularly engaged in business in the State of

14  California, have places of business in the States of California, including in this judicial district, and

15  have employed Collective and putative Class Members in this judicial district. Defendants are a

16  "person" as defined in California Labor Code § 18 and California Business and Professions Code §

17  17201. Defendants are also an "employer" as that term is used in the California Labor Code, and the

18  IWC Wage Orders.

19

20              **FACTUAL ALLEGATIONS**

21      30.    Defendants operate a vision care health insurance company throughout the United States

22  and California. Defendants employ thousands of hourly non-exempt workers similarly situated to

23  Plaintiff across their facilities.

24      31.    Plaintiff worked as a non-exempt Customer Service Representative for Defendants from

25  approximately August 2015 until August 2019. On average, Plaintiff was paid at an hourly rate of

26  approximately $17.62, and regularly worked in excess of eight hours a day and, 40 hours per week.

27      32.    Upon information and belief, Class and Collective members worked more than 8 hours

28  per day and more than 40 hours in at least one workweek during the three years before this Complaint

1    was filed.

2    33.    Class and Collective members were and are employed by Defendants and perform work

3    materially similar to Plaintiff.

4    34.    Class and Collective members report to a facility owned, operated, or managed by

5    Defendants to perform their jobs.

6    35.    Class and Collective members perform their jobs under Defendants' supervision and

7    using materials and technology approved and supplied by Defendants.

8    36.    Class and Collective members are required to follow and abide by common work, time,

9    pay, meal and rest break, and overtime policies and procedures in the performance of their jobs.

10    37.    At the end of each pay period, Class and Collective members receive wages from

11    Defendants that are determined by common systems and methods that Defendants select and control.

12    38.    Defendants pay Class and Collective members on an hourly rate basis.

13    39.    As a matter of policy and or/practice, Defendants fail to authorize and/or permit Plaintiff

14    and Class members to take compliant meal and rest breaks by requiring them to remain on duty during

15    their scheduled shifts. Plaintiff is informed, believes, and thereon alleges that this policy and practice

16    applies to all Class members throughout California. Moreover, Defendants fail to pay Plaintiff and Class

17    members premium wages for their missed breaks.

18    40.    In addition to working through their meal and rest breaks, Plaintiff, Class, and Collective

19    members perform work while "off-the-clock" with Defendants' knowledge, and are denied

20    compensation for the time spent engaged in this off-the-clock work. Nearly every day, Plaintiff was

21    required to begin working 20 minutes before clocking in for each shift including, among other things,

22    booting up their computers, loading programs and applications needed to perform duties and take calls

23    with customers, and opening e-mail programs and reviewing e-mails. Furthermore, Plaintiff frequently

24    continued working from 20 minutes to up to an hour after he had clocked out at the end of his shift.

25    Plaintiff is informed, believes, and thereon alleges that these policies and practices apply to all Class

26    members throughout California.

27    41.    As a result of this off-the-clock work, Plaintiff, Class, and Collective members are not

28    adequately compensated for all hours worked at their regular rate or at the applicable overtime rates.

42.     Defendants' common course of wage-and-hour abuse includes routinely failing to maintain true and accurate records of the hours worked by Class and Collective members. In particular, Defendants have failed to record hours that Plaintiff, Class, and Collective members worked off the clock.

43.     Defendants' failure to record all hours worked results in a failure to provide Class members, including Plaintiff, accurate itemized wage statements as required by California law. The wage statements Defendants provide are not accurate because they do not reflect the actual hours worked by Plaintiff and Class members. The wage statements do not contain off-the-clock work or premium pay for missed meal and rest breaks.

44.     Further, Defendants do not provide Class members, including Plaintiff, whose employment has ended, with full payment of all wages owed at the end of their employment. As these workers are owed for off-the-clock work, unpaid overtimes, missed meal and rest breaks, and premium pay when their employment ends, and these amounts remain unpaid under Defendants' policies and practices, Defendants fail to pay all wages due upon termination. As a consequence, Defendants are subject to waiting time penalties.

45.     Defendants have employed hundreds of people similarly situated to Plaintiff.

46.     Defendants' method of paying Plaintiff, Class, and Collective members is willful, and is not based on a good faith and reasonable belief that their conduct complies with California law. Defendants' conduct causes significant damages to non-exempt hourly employees in an amount to be determined at trial.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

47.     Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) as to claims for failing to pay Plaintiff and Collective members for all hours worked, including overtime compensation for all hours worked over 40 hours per week, liquidated damages, and attorneys' fees and costs under the FLSA.  The FLSA Collective that Plaintiff seeks to represent is defined as follows:

> **All current and former hourly, non-exempt employees, including but not limited to Customer Service Representatives, employed by Defendants throughout the United States during the time period three years prior to**

**the filing of the original Complaint until resolution of this action.**

48.     Per 29 U.S.C. § 216(b), this action may be brought as an "opt-in" collective action for the claims asserted by Plaintiff because his claims are similar to the claims possessed by the Collective members.

49.     The members of the Collective are similarly situated. Like Plaintiff, Defendants subjected Collective members to their common practice, policy, or plan of refusing to pay overtime for all work performed in clear violation of the FLSA.

50.     Collective members similarly situated to Plaintiff work, or have worked, for Defendants and were similarly not paid overtime at the rate of one and one-half times their regular hourly rate when the work performed while "off-the-clock" caused them to work in excess of forty hours per workweek.

51.     Collective members perform or have performed the same or similar work as Plaintiff.

52.     Collective members regularly work or have worked in excess of forty hours during a workweek.

53.     Collective members are not exempt from receiving overtime compensation under the FLSA.

54.     Defendants' failure to pay overtime compensation as required by the FLSA resulted from generally applicable policies and practices and did not depend on the personal circumstances of FLSA Collective members.

55.     This action may be properly maintained as a collective action on behalf of the defined Collective because, throughout the relevant time period:

    a.     Defendants maintain common scheduling systems and policies with respect to Plaintiff and Collective members, control the scheduling systems and policies implemented throughout their facilities and retain authority to review and revise or approve the schedules assigned to Plaintiff and Collective members;

    b.     Defendants maintain common timekeeping systems and policies with respect to Plaintiff and Collective members;

    c.     Defendants maintain common payroll systems and policies with respect to Plaintiff and Collective members, control the payroll systems and policies applied

1           to Plaintiff and Collective members, and set the pay rates assigned to Plaintiff and

2           Collective members; and

3         d.     Defendants maintain common timekeeping practices with respect to Plaintiff and

4           Collective members' off-the-clock work.

5      56.    Collective members, irrespective of their particular job requirements, are entitled to

6 overtime compensation for hours worked in excess of forty during a workweek, including for "off-the-

7 clock" work.

8      57.    Plaintiff and Collective members' claims arise from a common nucleus of operative facts;

9 namely, the continued and willful failure of Defendants to comply with their obligation to legally

10 compensate their employees. Liability is based on a systematic course of wrongful conduct by

11 Defendants that caused harm to all Collective members. Defendants had a plan, policy or practice of not

12 paying Plaintiff and Collective members for work performed while "off-the-clock."

13      58.    As such, the Collective of similarly situated Plaintiffs is properly defined as stated above.

14 Plaintiff estimates the Collective, including both current and former employees over the relevant time

15 period, will include upwards of 40 people or more. The precise number of Collective members should

16 be readily available and identifiable from Defendants' personnel, scheduling, time and payroll records,

17 and from input received from Collective members as part of the notice and "opt-in" process provided

18 by 29 U.S.C. § 216(b). The names and addresses of the Collective members are discoverable from

19 Defendants' records.

20      **<u>RULE 23 CLASS ACTION ALLEGATIONS</u>**

21      59.    Plaintiff brings causes of action as a class action on behalf of himself and all others

22 similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). The California Class that

23 Plaintiff seeks to represent is defined as follows:

24

25        **All current and former hourly, non-exempt workers employed by Defendants throughout California, including but not limited to Customer Service Representatives, at any time starting four years prior to the filing of this Complaint until resolution of this action.**

26

27      60.    This action has been brought and may properly be maintained as a class action because

28 there is a well-defined community of interest in the litigation and the proposed class is easily

ascertainable.

61.   Numerosity:  The potential members of the class are so numerous that joinder of all the members of the Class is impracticable. Plaintiff is informed and believes that the number of California Class members exceeds 100. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the Class as a plaintiff in this action is impracticable. Furthermore, the identities of the Class will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class and Defendants.

62.   Commonality:  There are questions of law and fact common to Plaintiff and the California Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, but are not limited to:

  a. Whether Defendants fail to compensate Class members for all hours worked, including as overtime compensation, in violation of the Labor Code and Wage Orders;

  b. Whether Defendants have a policy and/or practice of requiring Class members to be in the control of, spend time primarily for the benefit of, and work for Defendants off-the-clock and without compensation;

  c. Whether Defendants fail to properly pay overtime compensation, at either one and one-half times or double the regular rate of pay, to Class members in violation of the Labor Code and Wage Orders;

  d. Whether Defendants fail to authorize and permit, make available, and/or provide putative Class members with timely meal and rest periods to which they are entitled in violation of the Labor Code and Wage Orders;

  e. Whether Defendants fail to properly compensate Class members for rest and recovery periods;

  f. Whether Defendants fail to provide Class members with timely, accurate itemized wage statements in violation of the Labor Code and Wage Orders;

g. Whether Defendants fail to timely pay Class members for all wages owed upon termination of employment in violation of the Labor Code;

h. Whether Defendants violate Business and Professions Code §§ 17200 et seq., by:

(a) failing to compensate Class members for all hours worked, including at minimum wage and as overtime compensation;

(b) failing to pay Class members minimum wage for all hours worked; and

(c) failing to properly pay overtime compensation, at either one and one-half times or double the regular rate of pay, to Class members

(d) failing to provide Class members with timely, accurate itemized wage; and

(e) failing to timely pay Class members for all wages owed upon termination of employment; and

i. The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the Class as alleged herein.

63. Typicality: Plaintiff's claims are typical of the claims of the Class. Defendant's common course of conduct in violation of law as alleged herein caused Plaintiff and Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

64. Adequacy of Representation: Plaintiff seeks relief for state law violations perpetrated by Defendants. In that sense, Plaintiff does not have any conflicts of interest with other Class members and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Class members.

65. Superiority of Class Action: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Class members is

11

not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each proposed Class member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

66.     In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants.

67.     If each individual Class member were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each member of the Class with Defendants' vastly superior financial legal resources.

68.     Requiring each individual Class member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class members who would be disinclined to pursue these claims against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being.

**FIRST CAUSE OF ACTION**
**Violation of the Fair Labor Standards Act**
**29 U.S.C. § 201, *et seq.***
**(On Behalf of the Collective)**

69.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

70.     Throughout the relevant time period, Defendants suffered and/or permitted Plaintiff and Collective members to work additional time outside of their shifts for work-related tasks. These tasks included, but were not limited to, reviewing e-mails, completing paperwork, and taking calls with customers for the benefit of Defendants.

71.     Defendants actively discourage Plaintiff and Collective members from logging time outside the parameters set by Defendants. However, due to the demands of the job and understaffing,

Plaintiff performed work-related tasks outside of his scheduled shift, after he clocked out. Upon information and belief, Defendants treated Collective members similarly with respect to "off-the-clock" work.

72.   Accordingly, consistent with the policies and procedures set up by Defendants, Plaintiff performed work in excess of forty hours per workweek for which he was not compensated at an overtime rate of pay. Defendants' policies and practices favored Defendants at the expense of Plaintiff and Collective members.

73.   Defendants, and each of them, violated and continue to violate the FLSA when they failed to pay Plaintiff and Collective members for "off-the-clock" work under 29 U.S.C. § 207 as a non-exempt employee. Because of these violations, Plaintiff and Collective members suffered wage losses during weeks where the total time worked (logged and unlogged) exceeded forty hours.

74.   Defendants' failure to pay overtime to Plaintiff and Collective members was willful and not based on a good-faith belief that their conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Accordingly, a three-year limitations period should apply to Plaintiff and Collective members' claims.

75.   Plaintiff and the Collective are entitled to damages equal to the mandated pay, including minimum wage, straight time, and overtime premium pay within the three years preceding the filing of the original complaint. Because of Defendants' willful violation, Plaintiff and Collective members are also due an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

76.   Plaintiff and Collective members are further entitled to reasonable attorneys' fees and costs of the action in addition to any judgment awarded.

Wherefore, Plaintiff and the putative Collective request relief as hereinafter provided.

**SECOND CAUSE OF ACTION**
**Failure to Pay for All Hours Worked Pursuant to the California Labor Code § 204**
**(On Behalf of the Class)**

77.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

78.   Defendants willfully engaged in and continue to engage in a policy and practice of not compensating Plaintiff and putative Class members for all hours worked or spent in Defendants' control.

13

79.     Defendants regularly schedule Plaintiff and the putative Class members to work shifts of eight hours. However, Defendants intentionally and willfully require Plaintiff and the Class members to complete additional work off-the-clock. For example, for every shift worked, Plaintiff and Class members are required to begin working 20 minutes before each shift, and before clocking in. Furthermore, Plaintiff and Class members frequently continue working for 20 minutes up to an hour after they have already clocked out. Plaintiff and Class members are not compensated for this work. Additionally, Plaintiff and Class members are subject to interruption during their meal breaks, and are forced to work during this time. Plaintiff and Class members are not compensated for this work as well.

80.     As a result, Defendants fail to pay Plaintiff and the Class members for all hours worked and fail to track their actual hours worked.

81.     Labor Code § 204 provides in part that "all wages, ..., earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

82.     Labor Code §1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

83.     Labor Code § 200(a) defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."

84.     Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Orders.

85.     IWC Wage Order 4-2001(2)(K) defines hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

86.     Defendants require Plaintiff and the Class to work off-the-clock without compensation. In other words, Plaintiff and the Class are forced to perform work for the benefit of Defendants without compensation.

87.     In violation of California law, Defendants knowingly and willfully refuse to perform their obligations to provide Plaintiff and the Class with compensation for all time worked. Defendants regularly fail to track all of the time Plaintiff and the Class actually work or to compensate them for hours worked. Therefore, Defendants committed, and continue to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of the Plaintiff and the Class members' rights. Plaintiff and the Class are thus entitled to recover nominal, actual, and compensatory damages, plus interest, attorneys' fees, expenses, and costs of suit.

88.     As a proximate result of the aforementioned violations, Plaintiff and the Class have been damaged in an amount according to proof at time of trial.

89.     Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

**THIRD CAUSE OF ACTION**
**Failure to Pay Minimum Wages**
**Pursuant to Labor Code §§ 1182.11, 1182.12, 1194, 1197, and 1197.1**
**(On Behalf of the Class)**

90.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

91.     During the applicable statutory period, California Labor Code §§ 1182.12 and 1197, and the Minimum Wage Order were in full force and effect and required that Defendants' hourly employees receive the minimum wage for all hours worked at the rate of ten dollars a fifty cents ($10.50) per hour commencing January 1, 2017, eleven dollars ($11.00) per hour commencing on January 1, 2018, twelve dollars ($12.00) per hour commencing on January 1, 2019, and thirteen dollars ($13.00) per hour commencing January 1, 2020.

92.     Defendants maintain, and have maintained, policies and procedures which create a working environment where hourly employees are routinely compensated at a rate that is less than the statutory minimum wage. Plaintiff and Class members frequently work time off-the-clock pre- and post-shift, which is time worked that is uncompensated.

93.     As a direct and proximate result of the unlawful acts and/or omissions of Defendants, Plaintiff and Class members have been deprived of minimum wages in an amount to be determined at

1 │ trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon,

2 │ attorneys' fees, costs of suit pursuant to Labor Code §§ 1194, 1194.2 and 1197.1.

3 │      94.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

### FOURTH CAUSE OF ACTION
**Failure to Pay Overtime Wages Pursuant to Labor Code § 510**
**(On Behalf of the Class)**

7 │      95.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth

8 │ herein.

9 │      96.    Defendants do not compensate Plaintiff and Class members with appropriate overtime,

10 │ including time and a half and double time, as required by California law.

11 │      97.    Labor Code § 510 provides as follows:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

17 │      98.    The IWC Wage Order 4-2001(3)(A)(1) states:

> The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: . . . One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and … [d]ouble the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

26 │      99.    Labor Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable

to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

100.    Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

101.    Defendants regularly require Plaintiff and Class members to work in excess of eight hours per day and/or forty hours per week, but do not compensate them at an overtime rate for all of this work.

102.    Plaintiff and Class members have worked overtime hours for Defendants without being paid overtime premiums in violation of the Labor Code, applicable IWC Wage Orders, and other applicable law.

103.    Defendants have knowingly and willfully refused to perform their obligations to compensate Plaintiff and the Class members for all premium wages for overtime work. As a proximate result of the aforementioned violations, Defendants have damaged Plaintiff and the Class members in amounts to be determined according to proof at time of trial.

104.    Defendants are liable to Plaintiff and the Class alleged herein for the unpaid overtime and civil penalties, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

105.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

### FIFTH CAUSE OF ACTION
**Failure to Authorize and Permit and/or Make Available Meal and Rest Periods**
**Pursuant to Labor Code §§ 226.7 and 512**
**(On Behalf of the Class)**

106.    Plaintiff re-alleges and incorporate the foregoing paragraphs as though fully set forth herein.

107.    Defendants routinely fail to make meal periods available to Plaintiff and Class members. Despite long days regularly lasting at least 8 hours, Plaintiff and putative Class members are often unable to take a meal period, are often prevented from timely taking a meal period, are subject to interruption

1  during their meal period, and are frequently interrupted during their meal period.

2  108.   Plaintiff and Class members are not paid one hour of premium pay for the missed periods.

3  Rather, Defendants require Plaintiff and Class members to clock out for their meal periods while still

4  requiring them to remain on duty and as a result Plaintiff and Class members are routinely denied

5  compliant meal periods.

6  109.   Similar to meal periods, Defendants regularly fail to make rest periods available to

7  Plaintiff and Class members. Plaintiff's and Class members' schedules regularly prevent them from

8  taking rest periods throughout the day. When available, if ever, they are often not compliant. Instead,

9  they are generally untimely or short. Plaintiff and Class members do not receive premium pay for their

10  missed breaks as required by California law.

11  110.   Labor Code §§ 226.7 and 512 and the applicable Wage Orders requires Defendants to

12  authorize and permit meal and rest periods to their employees. Labor Code §§ 226.7 and 512 and the

13  Wage Orders prohibit employers from employing an employee for more than five hours without a meal

14  period of not less than thirty minutes, and from employing an employee more than ten hours per day

15  without providing the employee with a second meal period of not less than thirty minutes. Labor Code

16  § 226.7 and the applicable Wage Orders also require employers to authorize and permit employees to

17  take ten minutes of net rest time per four hours or major fraction thereof of work, and to pay employees

18  their full wages during those rest periods. Unless the employee is relieved of all duty during the thirty-

19  minute meal period and ten-minute rest period, the employee is considered "on duty" and the meal or

20  rest period is counted as time worked under the applicable Wage Orders.

21  111.   Under Labor Code § 226.7(b) and the applicable Wage Orders, an employer who fails to

22  authorize, permit, and/or make available a required meal period must, as compensation, pay the

23  employee one hour of pay at the employee's regular rate of compensation for each workday that the

24  meal period was not authorized and permitted. Similarly, an employer must pay an employee denied a

25  required rest period one hour of pay at the employee's regular rate of compensation for each workday

26  that the rest period was not authorized and permitted and/or not made available.

27  112.   Despite these requirements, Defendants have knowingly and willfully refused to perform

28  their obligations to authorize and permit and/or make available to Plaintiff and the Class the ability to

1   take the off-duty meal and rest periods to which they are entitled. Defendants have also failed to pay

2   Plaintiff and the Class one hour of pay for each off-duty meal and/or rest periods that they are denied.

3   Defendants' conduct described herein violates Labor Code §§ 226.7 and 512.  Therefore, pursuant to

4   Labor Code § 226.7(b), Plaintiff and the Class are entitled to compensation for the failure to authorize

5   and permit and/or make available meal and rest periods, plus interest, attorneys' fees, expenses and costs

6   of suit.

7       113.   As a proximate result of the aforementioned violations, Plaintiff and the Class have been

8   damaged in an amount according to proof at time of trial.

9       114.   Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

10

11   **<u>SIXTH CAUSE OF ACTION</u>**
     **Failure to Provide Accurate Itemized Wage Statements Pursuant to Labor Code § 226**
     **(On Behalf of the Class)**

12

13      115.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth

14   herein.

15      116.   Defendants do not provide Plaintiff and Class members with accurate itemized wage

16   statements as required by California law.

17      117.   Labor Code § 226(a) provides:

18   An employer, semimonthly or at the time of each payment of wages, shall furnish
     to his or her employees, either as a detachable part of the check, draft, or voucher
19   paying the employee's wages, or separately if wages are paid by personal check or
     cash, an accurate itemized statement in writing showing: (1) gross wages earned,
20   (2) total hours worked by the employee, except as provided in subdivision (j), (3)
     the number of piece-rate units earned and any applicable piece rate if the employee
21   is paid on a piece-rate basis, (4) all deductions, provided that all deductions made
     on written orders of the employee may be aggregated and shown as one item, (5)
22   net wages earned, (6) the inclusive dates of the period for which the employee is
     paid, (7) the name of the employee and only the last four digits of his or her social
23   security number, (8) the name and address of the legal entity that is the employer
     and, if the employer is a farm labor contractor, as defined in subdivision (b) of
24   Section 1682, the name and address of the legal entity that secured the services of
     the employer, and (9) all applicable hourly rates in effect during the pay period and
25   the corresponding number of hours worked at each hourly rate by the employee ….
     The deductions made from payments of wages shall be recorded in ink or other
26   indelible form, properly dated, showing the month, day, and year, and a copy of the
     statement or a record of the deductions shall be kept on file by the employer for at
27   least three years at the place of employment or at a central location within the State
     of California.

28

118.    IWC Wage Order 4-2001(7) establishes similar wage statement requirements.

119.    Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

120.    Plaintiff seeks to recover actual damages, costs and attorneys' fees under this section.

121.    Defendants do not provide timely, accurate itemized wage statements to Plaintiff and putative Class members in accordance with Labor Code § 226(a) and the IWC Wage Orders. The wage statements Defendants provide their employees, including Plaintiff and putative Class members, do not accurately reflect the actual hours worked, actual gross wages earned, or actual net wages earned.

122.    Defendants are liable to Plaintiff and the putative Class alleged herein for the amounts described above in addition to the civil penalties set forth below, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below, pursuant to Labor Code § 226(e).

123.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

**SEVENTH CAUSE OF ACTION**
**Waiting Time Penalties Pursuant to Labor Code §§ 201-203**
**(On Behalf of the Class)**

124.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

125.    Defendants do not provide Class members with their wages when due under California law after their employment with Defendants ends.

126.    Labor Code § 201 provides:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

127.    Labor Code § 202 provides:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

128.   Labor Code § 203 provides, in relevant part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

129.   Plaintiff and some of the putative Class members left their employment with Defendants during the statutory period, at which time Defendants owed them unpaid wages. These earned, but unpaid, wages derive from the "off-the-clock" work done by Plaintiff and Class members, unpaid overtime, missed meal and rest breaks, as well as the premium pay owed to Plaintiff and Class members for their missed, but uncompensated, meal and rest breaks.

130.   Defendants willfully refused and continue to refuse to pay Plaintiff and Class members all the wages that were due and owing to them, in the form of off-the-clock work and meal and rest period premium pay, upon the end of their employment, as a result of Defendant's willful failure to provide Class members with payment for all hours worked, overtime, and meal and rest breaks. As a result of Defendant's actions, Plaintiff and Class members have suffered and continue to suffer substantial losses, including lost earnings, and interest.

131.   Defendant's willful failure to pay Plaintiff and Class members the wages due and owing them constitutes a violation of Labor Code §§ 201-202.  As a result, Defendants are liable to Plaintiff and Class members for all penalties owing pursuant to Labor Code §§ 201-203.

132.   In addition, Labor Code § 203 provides that an employee's wages will continue as a penalty up to thirty days from the time the wages were due. Therefore, the Class members are entitled to penalties pursuant to Labor Code § 203, plus interest.

Wherefore, Plaintiff and the Class request relief as hereinafter provided.

**EIGHTH CAUSE OF ACTION**
**Violation of California Business and Professions Code §§ 17200 *et seq.***
**(On Behalf of the Class)**

133.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

134.   California Business and Professions Code § 17200, et seq., prohibits unfair competition

21

in the form of any unlawful, unfair, or fraudulent business acts or practices.

135.   Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

136.   Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

137.   Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this suit, Defendants have committed acts of unfair competition as defined by the UCL, by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

   a.   violations of Labor Code § 1194 and IWC Wage Order 4-2001 pertaining to payment of wages;

   b.   violations of Labor Code §§ 226.7 and 512 pertaining to meal and rest breaks;

   c.   violations of Labor Code § 510 and Wage Order 4-2001 pertaining to overtime; and

   d.   violations of Labor Code § 226 regarding accurate, timely itemized wage statements; and

   e.   violations of Labor Code §§ 201-203 pertaining to waiting time penalties.

138.   The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200 et seq.

139.   The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§ 17200 et seq. Among other things, the acts and practices have taken from Plaintiff and the Class wages rightfully earned by them, while enabling Defendants to gain an unfair competitive advantage over law-

1  abiding employers and competitors.

2      140.    Business and Professions Code § 17203 provides that a court may make such orders or

3  judgments as may be necessary to prevent the use or employment by any person of any practice which

4  constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendants from

5  repeating the unlawful, unfair, and fraudulent business acts and practices alleged above.

6      141.    As a direct and proximate result of the aforementioned acts and practices, Plaintiff and

7  the Class members have suffered a loss of money and property, in the form of unpaid wages which

8  are due and payable to them.

9      142.    Business and Professions Code § 17203 provides that the Court may restore to any

10  person in interest any money or property which may have been acquired by means of such unfair

11  competition. Plaintiff and the Class are entitled to restitution pursuant to Business and Professions

12  Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year

13  period prior to the filing of this Complaint.  Plaintiff's success in this action will enforce important

14  rights affecting the public interest and in that regard Plaintiff sues on behalf of himself as well as others

15  similarly situated. Plaintiff and putative Class members seek and are entitled to unpaid wages,

16  declaratory and injunctive relief, and all other equitable remedies owing to them.

17      143.    Plaintiff herein takes upon himself enforcement of these laws and lawful claims. There

18  is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right,

19  and it would be against the interests of justice to penalize Plaintiff by forcing him to pay attorneys'

20  fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Code of Civil

21  Procedure §1021.5 and otherwise.

22      144.    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

23

24                          **PRAYER FOR RELIEF**

25      WHEREFORE, Plaintiff, on behalf of the Class and Collective members, requests the

26  following relief:

27  1.    For an order certifying that the First Cause of Action in this Complaint may be

28        maintained as a collective action pursuant to 29 U.S.C. § 216(b) and that prompt notice

of this action be issued to potential members of the Collective, apprising them of the pendency of this action, and permitting them to assert their FLSA claims;

2.      For an order equitably tolling the statute of limitations for the potential members of the Collective;

3.      Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the FLSA, California Labor Code, and California Business and Professions Code;

4.      For a declaratory judgment that Defendants violated the FLSA, California Labor Code, California law, and public policy as alleged herein;

5.      For a declaratory judgment that Defendants violated California Business and Professions Code §§ 17200 *et seq.* as a result of the aforementioned violations of the California Labor Code;

6.      For preliminary, permanent, and mandatory injunctive relief prohibiting Defendants, their officers, agents, and all those acting in concert with them from committing in the future those violations of law herein alleged;

7.      For an order requiring Defendants to disgorge all profits and other ill-gotten gains resulting from their failure to remit the entirety of gratuities to non-managerial service employees;

8.      For an equitable accounting to identify, locate, and restore to all current and former employees the gratuities and wages they are due, with interest thereon;

9.      For an order awarding Plaintiff and the Class members compensatory damages, including lost wages, earnings, liquidated damages, and other employee benefits, restitution, recovery of all money/property, actual damages, and all other sums of money owed to Plaintiff and Class members, together with interest on these amounts according to proof;

10.     For an order awarding Plaintiff and Class members civil penalties pursuant to the California Labor Code, and the laws of the State of California, with interest thereon;

11.     For an order awarding reasonable attorneys' fees as provided by the California Labor

24

1   Code, California Code of Civil Procedure § 1021.5, the laws of the State of California,

2   the FLSA, and/or other applicable law;

3   12.   For all costs of suit;

4   13.   For interest on any damages and/or penalties as provided by applicable law; and

5   14.   For such other and further relief as this Court deems just and proper.

6

7   Respectfully submitted,

8   Date: December 1, 2020

9   Carolyn H. Cottrell
    David C. Leimbach
10  Scott L. Gordon
    SCHNEIDER WALLACE
11  COTTRELL KONECKY LLP

12  *Attorneys for Plaintiff, Class, and Collective Members*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

25

1

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled to a jury.

Respectfully submitted,

Date: December 1, 2020

Carolyn H. Cottrell
David C. Leimbach
Scott L. Gordon
SCHNEIDER WALLACE
COTTRELL KONECKY LLP

*Attorneys for Plaintiff, Class, and Collective Members*

CLASS ACTION AND COLLECTIVE COMPLAINT; DEMAND FOR JURY TRIAL
*Michael Schmidt, et al. v. Vision Service Plan, et al.*