UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael Schmidt,<br><br>                     Plaintiff,<br><br>       v.<br><br>Vision Service Plan, et al.,<br><br>                     Defendants. | No. 2:20-cv-02400-KJM-KJN<br><br>ORDER |

    Plaintiff Michael Schmidt has brought this putative wage-and-hour class, collective, and representative action on behalf of defendants' current and former customer service representatives. First Am. Compl. ¶¶ 1, 3, ECF No. 33. Plaintiff now moves this court to preliminarily approve the parties' settlement agreement. *See* ECF No. 36. The motion is unopposed. *Id.* The court has reviewed the terms of the proposed settlement agreement and finds that supplemental briefing is necessary prior to a preliminary approval hearing. Specifically, plaintiff must show he has standing to bring a claim on behalf of the proposed Fair Labor Standards Act (FLSA) collective.

    To satisfy Article III's standing requirement, plaintiff bears the burden of alleging facts sufficient to establish that (1) he has suffered an "injury-in-fact," (2) the injury is "fairly traceable" to the defendant's actions, and (3) the injury will likely be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Inclusion of class or

collective allegations does not relieve a plaintiff of the requirement that he personally suffered an injury fairly traceable to the defendant's actions. *See Warth v. Seldin*, 422 U.S. 490, 502 (1975).

Here, the parties' settlement agreement defines "FLSA Collective Members" as "[a]ll current and former employees of Defendants who were employed as [Customer Service Representatives] or equivalent positions *in states other than California* at any time between December 2, 2017 and November 12, 2021." Cottrell Decl., Ex. 1 ¶ 2(g) (Settlement Agreement), ECF No. 36-2 (emphasis added). But plaintiff, an employee in California, is not part of this FLSA collective. *See* First Am. Compl. ¶ 9. It thus appears that plaintiff's injury is not "fairly traceable" to defendants' actions outside California and that plaintiff's injury will not be redressed by a favorable decision for employees outside California.

Given this threshold concern, the court cannot proceed to consider plaintiff's motion for preliminary approval without further briefing. *See Cummings v. Cenergy Int'l Servs., LLC*, 258 F. Supp. 3d 1097, 1104 (E.D. Cal. 2017) ("If a plaintiff lacks standing under Article III of the U.S. Constitution, then the court lacks subject matter jurisdiction and the case must be dismissed."). The hearing on plaintiff's motion for preliminary approval is thus **vacated and reset for July 29, 2022 at 10:00 a.m.** Within seven days of this order, the parties shall submit a supplemental brief of no more than five pages addressing the above concerns.

IT IS SO ORDERED.

DATED: July 5, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE