UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SCHMIDT, on behalf of himself and the Class and Collective members,<br><br>Plaintiffs,<br><br>v.<br><br>VISION SERVICE PLAN, et al.,<br><br>Defendants. | Case No. 2:20-cv-2400-CSK<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR FINAL APPROVAL AND MOTION FOR ATTORNEY FEES WITHOUT PREJUDICE SUBJECT TO RENEWAL<br><br>(ECF Nos. 72, 73) |

Presently pending before the Court is Plaintiff Michael Schmidt's unopposed motion for final approval of class and collective action settlement and Plaintiff's motion for award of attorneys' fees and costs and service award. (ECF Nos. 72, 73.) Defendants Vision Service Plan, VSP Global Inc., Marchon Eyewear, Inc., VSP Optical Group, Inc., and Eyefinity, Inc. (collectively "Defendants") have not opposed either motion. Both motions are currently set for hearing on August 6, 2024. (ECF No. 68.)

On January 26, 2024, the Court granted Plaintiff's motion for preliminary approval of class and collective action settlement. (ECF No. 59.) In its January 26, 2024 Order, the Court identified issues that Plaintiff needed to address in the motion for final approval, including sufficiently addressing indicia of collusion and providing sufficient information regarding the nexus between the Plaintiff class and the proposed *cy pres*

beneficiary, the Monarch School, a non-profit organization that cares for homeless children. *Id*. at 15-16, 21. The Court deferred its determination regarding whether the Monarch School was an appropriate *cy pres* beneficiary. *Id.* at 21.

On June 25, 2024, Plaintiff filed his motion for final approval, but did not sufficiently address indicia of collusion or the nexus between the class and the proposed *cy pres* beneficiary. *See* Pl. Mot. Final Approval (ECF No. 73-1). As a result, on July 11, 2024, the Court ordered Plaintiff to file a supplemental brief addressing both issues. (ECF No. 74.) On July 25, 2024, Plaintiff filed his supplemental brief, addressing indicia of collusion and identifying an alternative *cy pres* beneficiary that Plaintiff presents as having a direct nexus to the plaintiff class. Pl. Supp. Br. at 2-4 ("The parties have conferred on this issue and, to the extent the Court does not approve the Monarch School as *cy pres*, the parties have agreed to amend the agreement to substitute National Employment Law Project ("NELP") as the *cy pres* beneficiary. …NELP's work has a direct nexus to the plaintiff class because the organization strives to help individuals like the class members who are modest wage-earning individuals who experienced working unpaid time.") (ECF No. 77). Plaintiff appears to concede that the original proposed *cy pres* beneficiary, the Monarch School, does not have a nexus to the plaintiff class as the supplemental brief presents no information or argument regarding the Monarch School. *See id*.

"When selection of *cy pres* beneficiaries is not tethered to the nature of the lawsuit and the interests of the silent class members, the selection process may answer to the whims and self interests of the parties, their counsel, or the court." *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1039 (9th Cir. 2011). The *cy pres* beneficiaries must be closely tied to the lawsuit and the interests of the class members. *Koby v. ARS Nat'l Servs., Inc.*, 846 F.3d 1071, 1080 (9th Cir. 2017). "Not just any worthy recipient can qualify as an appropriate *cy pres* beneficiary. To avoid the many nascent dangers to the fairness of the distribution process, we require that there be a driving nexus between the plaintiff class and the *cy pres* beneficiaries." *Dennis v. Kellogg Co.*, 697 F.3d 858, 865 (9th Cir.

1  2012) (citations omitted). In *Dennis v. Kellogg*, the Ninth Circuit reversed the district
2  court's approval of a class action settlement agreement because there was no "driving
3  nexus" between the charities for the *cy pres* distribution and the false advertising claims
4  in the action. *Id*. at 865-68.

5  Here, the current *cy pres* beneficiary is a non-profit organization that cares for
6  homeless children (the Monarch School), and does not have any ties to the lawsuit or
7  the interests of the class members, nor does Plaintiff assert any such ties. *See* Pl. Am.
8  Class Action Settlement Agmt ¶ 48(a) (ECF No. 57-3 at 19); Pl. Mot. Final Approval
9  Proposed Order ¶ 17 (ECF No. 73-8); *see also* Pl. Supp. Br. (presenting no information
10 or argument regarding the Monarch School's nexus to the class or the lawsuit). This
11 class, collective, and representative action is brought by Plaintiff on behalf of current and
12 former non-exempt employees of Defendants alleging employment violations. The Court
13 does not find the Monarch School to be an appropriate *cy pres* beneficiary for the
14 settlement of this action because the class and this action have no connection or nexus
15 to homelessness or children's rights. *See Dennis*, 697 F.3d at 865-68; *Koby*, 846 F.3d at
16 1080. Therefore, the Court denies final approval of the proposed settlement agreement.
17 *See Dennis*, 697 F.3d at 868.

18 In his July 25, 2024 Supplemental Brief, Plaintiff identified an alternative *cy pres*
19 beneficiary that the parties agree to and that Plaintiff presents has a direct nexus to the
20 class. *See* Pl. Supp. Br. at 4. While the Court appreciates that the parties recognize and
21 appear to concede that the original *cy pres* beneficiary was not appropriate, identifying a
22 new *cy pres* beneficiary and proposing to modify the settlement agreement with this new
23 *cy pres* beneficiary in a supplemental brief is improper. The motion for final approval and
24 the proposed settlement agreement itself still identifies the Monarch School as the *cy*
25 *pres* beneficiary, and no notice of this change in a settlement term has been provided.

26 In addition, the district court may not modify the settlement agreement to change
27 the *cy pres* beneficiary. *See Dennis*, 697 F.3d at 868. As the Ninth Circuit has made
28 clear, courts "do not have the authority to strike down only the *cy pres* portions of the

settlement. 'It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness'" and we cannot 'delete, modify or substitute certain provisions. The settlement must stand or fall in its entirety.'" *Dennis*, 697 F.3d at 868 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

The Court emphasizes that it is not making a final determination as to whether the new proposed *cy pres* beneficiary is an appropriate one because this issue is not properly before the Court, whose review is limited to the current settlement agreement presented for final approval. Plaintiff must file a renewed motion for preliminary approval of the class and collective action settlement of the revised settlement agreement. This renewed motion must be complete in itself without relying on prior filings. The Court is concerned that Plaintiff did not follow and heed the Court's express warnings and instructions in its January 26, 2024 Order regarding *cy pres* beneficiaries and indicia of collusion (*see* 1/26/2024 Order at 15-18, 21), requiring the Court to order supplemental briefing, which resulted in Plaintiff essentially conceding that the original proposed *cy pres* beneficiary has no nexus to the class or this action. The parties are warned to carefully review the requirements for an appropriate *cy pres* beneficiary and to present fulsome information to the Court to enable the Court to make a determination as to whether the proposed beneficiary is appropriate. The parties are also reminded that they must adequately address indicia of collusion in any renewed motion, sufficiently developing the record to enable the Court to determine whether approval is appropriate. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946-47 (9th Cir. 2011); *Kim v. Allison*, 8 F.4th 1170, 1180 (9th Cir. 2021) (where indicia of collusion are present, the district court must examine them and develop the record).

The Court will permit the parties to submit a proposed schedule for filing a renewed motion for preliminary approval of the revised settlement agreement. Within 7 days of this Order, the parties may submit a proposed schedule. If the parties do not submit a proposed schedule within 7 days of this Order, the Court will set the schedule.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for final approval of class and collective action settlement (ECF No. 73) and Plaintiff's motion for attorney fees (ECF No. 72) are DENIED without prejudice subject to renewal;

2. The August 6, 2024 hearing on Plaintiff's motion for final approval is VACATED;

3. Within 7 days of this Order, the parties may submit a proposed schedule for filing a renewed motion for preliminary approval of the revised settlement agreement; and

4. The parties are reminded that any renewed motion must be complete in itself without reference to or reliance on prior filings (i.e., must include all exhibits, supporting documentation, and argument), and must be in compliance with the Local Rules (e.g., L.R. 230 governing motions) and Judge Kim's Civil Standing Orders.

Dated: July 29, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, schm2400.20