UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SCHMIDT, on behalf of himself and the Class and Collective members,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>VISION SERVICE PLAN, et al.,<br><br>　　　　　Defendants. | Case No. 2:20-cv-2400-CSK<br><br>ORDER |

　　　The Court has received and reviewed Plaintiff Michael Schmidt's proposed briefing schedule and request for a status conference (ECF No. 80), which has not been opposed by Defendants Vision Service Plan, VSP Global Inc., Marchon Eyewear, Inc., VSP Optical Group, Inc., and Eyefinity, Inc. (collectively "Defendants").

　　　Plaintiff proposes submitting a renewed motion for final approval of the revised settlement agreement substituting the *cy pres* beneficiary with a new *cy pres* beneficiary without issuing supplemental notice to the class because the substitution of the *cy pres* beneficiary is a minor change to the agreement that "does not prejudice any class member or impair any class members' rights, and has no material adverse effect on class members' rights." (ECF No. 80 at ¶ 6; *see id*. at ¶¶ 3-7.) The Court agrees with Plaintiff's proposal as set forth below.

The Court agrees that the substitution of the *cy pres* beneficiary to identify a new beneficiary that has a sufficient nexus to the lawsuit and the interest of the class members is a de minimis change that does not require issuing supplemental or new notice to the class.[1] *See In re Groupon Marketing and Sales Practices Litigation*, 593 Fed. Appx. 699, 701 (9th Cir. 2015) (new notice to class was not required for *de minimis* changes made to the settlement agreement). The Court previously determined that the original *cy pres* beneficiary, the Monarch School, a non-profit organization that cares for homeless children, was not an appropriate beneficiary because it does not have any ties to the lawsuit or the interests of the class members, and Plaintiff did not assert any such ties. July 29, 2024 Order at 1-3 (citing *Dennis v. Kellogg Co.*, 697 F.3d 858, 865 (9th Cir. 2012); *Koby v. ARS Nat'l Servs., Inc.*, 846 F.3d 1071, 1080 (9th Cir. 2017)) (ECF No. 79).

Therefore, Plaintiff may submit a renewed motion for <u>final</u> approval of the revised settlement agreement substituting the *cy pres* beneficiary without issuing a new or supplemental notice to the class. Plaintiff is ordered to post on the settlement website the revised settlement agreement identifying the new *cy pres* beneficiary and the new time and date for the final approval hearing, once re-scheduled. Plaintiff must submit a declaration confirming compliance with this order with Plaintiff's renewed motion for final approval. Plaintiff may also submit a renewed motion for attorney's fees, costs, and service award. The Court therefore withdraws the portion of its July 29, 2024 Order requiring Plaintiff to submit a renewed motion for <u>preliminary</u> approval of the revised settlement agreement.

In addition, Plaintiff's renewed motion for final approval of the class and collective action settlement must be complete in itself without relying on prior filings. The parties are reminded to present fulsome information to the Court to enable the Court to make a determination as to whether the new proposed *cy pres* beneficiary is appropriate. In any

---

[1] The Court is not making a final determination as to whether the new proposed *cy pres* beneficiary is an appropriate one.

renewed motion, as the Court previously ordered, the parties are reminded that they must adequately address indicia of collusion, sufficiently developing the record to enable the Court to determine whether approval is appropriate, and sufficiently justify Plaintiff's request for attorney fees, especially if the requested fees exceed the 25% benchmark. *See* 1/26/2024 Order at 15-18, 21 (ECF No. 59); 7/11/2024 Minute Order (ECF No. 74); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942, 946-47 (9th Cir. 2011); *Kim v. Allison*, 8 F.4th 1170, 1180 (9th Cir. 2021) (where indicia of collusion are present, the district court must examine them and develop the record).

The Court will permit the parties to submit a proposed schedule for filing a renewed motion for final approval of the revised settlement agreement; a renewed motion for attorney's fees, costs, and service award; and for the final approval hearing. Within 7 days of this Order, the parties may submit a proposed schedule. If the parties do not submit a proposed schedule within 7 days of this Order, the Court will set the schedule.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff may submit a renewed motion for final approval of the revised class and collective action settlement, and a renewed motion for attorney's fees, costs, and service award;
2. Within 7 days of this Order, the parties may submit a proposed schedule for filing a renewed motion for final approval of the revised settlement; a renewed motion for attorney's fees, costs, and service award; and the final approval hearing;
3. Plaintiff must post on the settlement website the revised settlement agreement identifying the new *cy pres* beneficiary and the new time and date for the final approval hearing; and
4. The parties are reminded that any renewed motion must be complete in itself without reference to or reliance on prior filings (i.e., must include all exhibits, supporting documentation, and argument), and must be in compliance with the Local Rules (e.g., L.R. 230 governing motions) and Judge Kim's Civil Standing

1    Orders.

3    Dated:  September 10, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7    4, schm2400.20